# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Reade W. Seligmann**              Direct Dial: **+1 212 210 9453**              Email: **reade.seligmann@alston.com**

September 16, 2024

**VIA ECF**
The Honorable Michael E. Farbiarz, U.S.D.J.
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Christopher Oddo, et al. v. T-Mobile USA, Inc.*, Civil Action No. 2:24-cv-07719 (MEF) (JRA)

Dear Judge Farbiarz:

This letter is in response to Your Honor's Order dated September 12, 2024.

With respect to the Court's first request, T-Mobile USA, Inc. ("T-Mobile") will continue with its personal jurisdiction objection with respect to Plaintiffs Harry Hyaduck, Gerald Dwyer, and Larry Kahhan (the "Non-Resident Plaintiffs"). While T-Mobile does not dispute that the Court has jurisdiction over Plaintiff Oddo's claims, the law is clear there must be an independent basis for personal jurisdiction over each named plaintiff's claims. *See, e.g., Castillero v. Xtend Healthcare, LLC*, 2023 WL 8253049, at *3 (D.N.J. Nov. 29, 2023). For the reasons set forth in T-Mobile's brief, the Court does not have general or specific jurisdiction over the Non-Resident Plaintiffs' claims against T-Mobile.

With respect to the Court's second request, T-Mobile believes that the decisions in *Caduceus, Inc. v. Univ. Physician Grp.*, 2024 WL 303845 (D.N.J. Jan. 26, 2024), *Prestan Prods. LLC v. Innosonian Am., LLC*, 2024 WL 278985 (D.N.J. Jan. 25, 2024), and *Rose v. Ferrari N. Am., Inc.*, 2023 WL 8653924 (D.N.J. Dec. 14, 2023) are relevant in that they describe the applicable standard for jurisdictional discovery. However, these cases are distinguishable and do not support a conclusion that jurisdictional discovery is appropriate in this case.

As the Court is well aware, the Third Circuit standard is that "jurisdictional discovery should be allowed unless the plaintiff's [jurisdictional] claim is clearly frivolous," and there is, in some sense at least, a "presumption" of jurisdictional discovery as to corporate defendants. *Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (quotations omitted). However, to not be "clearly frivolous," a plaintiff's jurisdictional allegations must "suggest with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quotations omitted) (cleaned up).

In *Caduceus*, *Prestan*, and *Rose*, the Court determined jurisdictional discovery was appropriate because the jurisdictional allegations were not "clearly frivolous." *Caduceus* and *Rose* both involved plaintiffs who were New Jersey residents. In *Caduceus*, evidence and allegations established that 1) the defendant had sent the contracts at issue to the plaintiff in New Jersey; 2) the contracts were executed in New Jersey; 3) the plaintiff's agent was located in New Jersey; 4) email communications dealing with the negotiations

Alston & Bird LLP                                                                                                                          www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Christopher Oddo, et al. v. T-Mobile USA, Inc.
September 16, 2024
Page 2

were sent to and from New Jersey; and 5) the contract was performed in New Jersey. In *Rose*, the complaint alleged that 1) one of the plaintiffs lived in and bought the car containing allegedly defective brakes in New Jersey; and 2) the defendant-car manufacturer played an active role in and directed customers to twenty service centers in New Jersey, where the allegedly defective brakes were fixed and worked on.

The *Prestan* case involved a different set of jurisdictionally related facts and allegations. There, an international defendant relied heavily on a co-defendant incorporated and operating in New Jersey to distribute and market the plaintiff's patented product. The Court found that a corporation outside of New Jersey working closely with a distributor that was itself a New Jersey entity was enough to allow for jurisdictional discovery. Similarly, the distribution of a product from a New Jersey distributor was alone enough to trigger jurisdictional discovery in a patent infringement suit.

None of these circumstances exist in this lawsuit. None of the Non-Resident Plaintiffs resides in New Jersey, and the Complaint contains no allegations about T-Mobile activity in New Jersey that could have impacted the Non-Resident Plaintiffs.

The Complaint's jurisdictional allegations are confined to paragraph 11, which provides:

> The court has personal jurisdiction over the parties because T-Mobile is registered to do business in the State of New Jersey and can be served with process through its registered agent, Corporation Service Company located at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing New Jersey 08628. Additionally, T-Mobile conducts substantial business in New Jersey and T-Mobile has purposefully availed itself of the benefits and protections of the District of New Jersey by continuously and systematically conducting substantial business in this judicial district and has agents and representatives that can be found in this State. More specifically, T-Mobile has caused injury to Plaintiffs and class members in New Jersey, has numerous stores and other sales facilities in New Jersey, directs advertising to New Jersey, and has systematic and continuous contacts with New Jersey.

These jurisdictional allegations fall far short of establishing "the possible existence of the requisite contacts between" T-Mobile and New Jersey with respect to Non-Resident Plaintiffs' claims and are therefore "clearly frivolous." *Toys "R" Us, Inc.*, 318 F.3d at 456. Most of Plaintiffs' allegations are designed to establish general jurisdiction, and even if they are true, they fall far short of meeting the threshold for general jurisdiction. And the singular specific jurisdiction allegation that "T-Mobile has caused injury to" the Non-Resident Plaintiffs in New Jersey is insufficient because Plaintiffs do not tie their alleged injuries to New Jersey in any way. Finally, because these allegations fall so far short of establishing personal jurisdiction, there is no chance that this case presents a "potentially difficult legal question" giving rise to a need for jurisdictional discovery as the Court considered in *Prestan* and *Cauduceus*.

Sincerely,

Reade W. Seligmann