# NAGEL RICE, LLP
COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS°
LORI I. MAYER°
RANDEE M. MATLOFF
ANDREW L. O'CONNOR
GREG M. KOHN°
SUSAN F. CONNORS
BRADLEY L. RICE°

HARRY A. MARGOLIS
1928-2002

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
WWW.NAGELRICE.COM

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465
PLEASE REPLY TO
ROSELAND OFFICE

ANDREW I. PEPPER
MICHAEL J. PARAGANO°
SCOTT M. JACOBSON°
EMMA A. McELLIGOTT

SENIOR COUNSEL
S.M. CHRIS FRANZBLAU◊

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY
°MEMBER OF NJ & NY BARS
◊MEMBER OF NJ, NY & DC BARS

October 30, 2024

**VIA ECF**
Hon. Michael E. Farbiarz, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    **Re:   Christopher Oddo, et al. v. T-Mobile USA, Inc.**
           **Docket No. 2:24-cv-07719 (MEF/JRA)**

Dear Judge Farbiarz:

    We represent Plaintiffs in the above matter. Defendant's motion to dismiss (ECF 11) is currently pending. On September 12, 2024, the Court entered an order directing Defendant to submit a letter addressing whether Defendant will waive its personal jurisdiction objection. (ECF 14) On September 16, 2024, Defendant submitted its letter refusing to waive its objection to personal jurisdiction and attempting to establish that there should not be jurisdictional discovery.(ECF 16)

    Based on Your Honor's Order, jurisdictional discovery should be granted at this time and Defendant's motion regarding lack of

jurisdiction should be denied as moot. Conducting jurisdictional discovery at this time will allow the Court to have a full record before ruling on Defendant's motion. As Your Honor stated in Caduceus, Inc. v. Univ. Physician Grp., 2024 WL 303845 (D.N.J. Jan. 26, 2024) after jurisdictional discovery is complete, "the Court can decide any jurisdictional motions to dismiss against the backdrop of a fuller factual record," which will make this legal issue more concrete and less abstract. This will also promote judicial economy because the Court will not have to rule on Defendant's motion multiple times.[1]

Your Honor's cases, cited in the September 12th Order, establish that jurisdictional discovery should be permitted here. Jurisdictional discovery should be permitted because Defendant admits that it cannot avoid personal jurisdiction as to Plaintiff Oddo's claims and Plaintiff is entitled to determine what contacts and other facts will establish that New Jersey may exercise jurisdiction over Defendant.[2]

---

[1] We respectfully request that the Court stay the filing of Plaintiffs' opposition brief to the pending motion until the Court addresses the issues raised in this letter.

[2] Moreover, this Court has discretion "to exercise pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as [the claim] arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." In re Bang Energy Drink Mktg. Litig., 2020 WL 4458916, at *6 (N.D. Cal. Feb. 6, 2020); see also Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 123 (3d Cir. 2020) ("This Court

As Your Honor stated in Caduceus, Prestan Prods. LLC v. Innosonian Am., LLC, 2024 WL 278985 (D.N.J. Jan. 25, 2024), Schneider v. Gymshark Ltd., 2024 WL 1443547 (D.N.J. April 3, 2024), and Rose v. Ferrari N. Am., Inc., 2023 WL 8653924 (D.N.J. Dec. 14, 2023), on a motion to dismiss for lack of personal jurisdiction, discovery may be "available to ascertain the facts bearing on [the issue]." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (citations omitted). Jurisdictional discovery should be allowed unless Plaintiffs' claims are clearly frivolous. See Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). Moreover, there is a "presumption" of jurisdictional discovery as to defendants that are corporations. See Caduceus, 2024 WL 303845.

A jurisdictional claim is not "clearly frivolous" so long as it "suggest[s] with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003). To determine if the plaintiff's claims are frivolous the Court looks to the test for specific jurisdiction:

> (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion

---

recognized the notion of pendent personal jurisdiction more than forty years ago.").

3

>   of personal jurisdiction is reasonable and fair.

Here, Defendant is a corporation. Defendant has purposefully directed activities at residents of New Jersey through, amongst other things, its advertising, stores, product sales, and website. Defendant has over 100 stores in New Jersey. As Your Honor stated in Prestan Prods. LLC, the Federal Circuit has held that specific jurisdiction exists where a corporation sells the relevant product in the forum state. There is no dispute that Defendant sold the relevant product, the Price Lock Plan[3] in New Jersey. That is enough to allow for jurisdictional discovery.

The second prong is clearly met because Plaintiffs' claims arise out of the sale by Defendant of its Price Lock Plan to customers throughout the country, including New Jersey. T-Mobile has numerous stores and other sales facilities in New Jersey, directs advertising to New Jersey, provides cell phone service in the state, and directs its website to consumers in the state.

As to the third prong, as Your Honor stated in Prestan Prods. LLC, ""whether assertion of personal jurisdiction is reasonable and fair," Nuance Commc'ns, Inc., 626 F.3d at 1231, only impacts the exercise of jurisdiction in "the rare situation in which the

---

[3] On January 5, 2017, T-Mobile created a plan whereby T-Mobile would never change the price you pay for your T-Mobile ONE plan. This price lock guarantee was made applicable to the T-Mobile ONE Plan, Simple-Choice plan, Magenta®, Magenta® Max, Magenta® 55+, Magenta® Amplified and Magenta® Military Plans.

4

plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum."" Prestan Prods. LLC, 2024 WL 278985 at *4. The defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. There can be no argument that subjecting Defendant to jurisdiction in New Jersey would be unreasonable or unfair because Defendant is subject to jurisdiction in New Jersey for Plaintiff Oddo's claims. Subjecting Defendant to jurisdiction for the remaining Plaintiffs' claims would not change this.

Defendant's September 16, 2024 letter (ECF 16) does not address any of the law underlying Your Honor's decisions. Instead, Defendant makes the blanket statement that "[n]one of these circumstances exist in this lawsuit." However, the above demonstrates that jurisdictional discovery is necessary and appropriate in this matter.

We respectfully request that the Court schedule a status conference to set deadlines for jurisdictional discovery and deny Defendant's pending motion as moot.

In addition, if the Court is going to permit jurisdictional discovery, the parties should also be permitted to conduct discovery on the issue of arbitration. See Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir.

5

2013)(where the issue of arbitration can be decided without evidence, it will be, based on an application of the familiar Rule 12(b)(6) standard to the face of the pleadings. Failing that, however, the **court will permit discovery** and decide the issue on a summary judgment standard, pursuant to Rule 56.). Here, Defendant submitted a Certification and numerous exhibits that raise factual issues requiring further inquiry by Plaintiffs. Plaintiffs should be given the opportunity to evaluate these facts. For example, Defendant's Certification states that Plaintiffs were sent an email and/or text messages with a link to the terms and conditions. But the Certification is silent as to whether any of the plaintiffs clicked on the link or received the text messages. Therefore, we respectfully request the Court permit discovery on the issue of arbitration at this time as well.

    Thank you for your kind attention to this matter.

        Respectfully submitted,

        *Randee M. Matloff*

        Randee M. Matloff

cc: All Counsel of Record (Via ECF)