UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAN and GERALD DWYER, on Behalf of Themselves and All Other Persons Similarly Situated, | Civil Action No. 2:24-cv-07719 (MEF/JRA) |
| Plaintiffs, | *Civil Action* |
| v. | |
| T-MOBILE USA INC. | |
| Defendant. | |

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

---

Bruce H. Nagel
Randee M. Matloff
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com
rmatloff@nagelrice.com

Joseph Santoli
340 Devon Court
Ridgewood, NJ 07450
Josephsantoli002@gmail.com
*Attorneys for Plaintiffs and the Putative Class*

On the Brief:
  Randee M. Matloff, Esq.
  Greg M. Kohn, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...........................................ii

PRELIMINARY STATEMENT .........................................1

STATEMENT OF FACTS ...........................................2

   A. T-MOBILE'S CONDUCT ......................................2

   B. EXPERIENCES OF THE CLASS REPRESENTATIVE PLAINTIFFS ........3

   C. T-MOBILE'S CONDUCT IN NEW JERSEY ..........................5

LEGAL ARGUMENT................................................7

   I.    T-MOBILE IS SUBJECT TO PERSONAL JURISDICTION IN THE
        DISTRICT OF NEW JERSEY ...................................7

   II.  THE COURT MAY HAVE GENERAL JURISDICTION OVER T-MOBILE ...9

   III. THIS COURT HAS SPECIFIC JURISDICTION OVER T-MOBILE .....11

   IV.  ALTERNATIVELY, THE COURT SHOULD EXERCISE PENDANT
        PERSONAL JURISDICTION TO PERMIT ALL PLAINTIFF'S
        CLAIMS TO BE RESOLVED IN THIS COURT  ...................16

   V.   IN THE EVENT THE COURT CANNOT RULE THAT IT HAS
        PERSONAL JURISDICTION ON THE PRESENT RECORD THE
        COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY ..........17

   VI.  IN THE EVENT THE COURT CONCLUDES THAT IT CANNOT
        EXERCISE JURISDICTION OVER T-MOBILE, THE CASE SHOULD
        BE TRANSFERRED TO THE STATE OF WASHINGTON .............20

CONCLUSION..................................................22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Apostolou v. Mann Bracken, LLC,
  2009 WL 1312927 (D.N.J. May 1, 2009)..........................17

Beaton v. LG Chem, Ltd.,
  2021 WL 3828835 (D.N.J. Aug. 26, 2021).......................14

Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty.,
  582 U.S. 255 (2017)..........................................12

Burger King Corp. v. Rudzewicz,
  471 U.S. 462.................................................10

Caduceus,Inc. v. University Physician Group,
  2024 WL 303845 (D.N.J. Jan. 26, 2024)........................18

Carteret Savings Bank, FA v. Shushan,
  954 F.2d. 141 (3d Cir. 1992)..................................8

Charles Gendler & Co. v. Telecom Equip. Corp.,
  102 N.J. 460, 508 A.2d 1127 (1986)...........................8

Chernus v. Logitech, Inc.,
  2018 WL 1981481 (D.N.J. Apr. 27, 2018).......................9

Daimler AG v. Bauman,
  571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014)....8, 9, 10

Danziger & De Llano, LLP v. Morgan Verkamp LLC,
  948 F.3d 124 (3d Cir. 2020)..................................12

DiCarlo v. Johnson & Johnson,
  2024 WL 532027 (D.N.J. Feb. 9, 2024).........................14

Display Works, LLC v. Bartley,
  182 F. Supp. 3d 166 (D.N.J. 2016)............................10

D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.,
  566 F.3d 94 (3d Cir. 2009)....................................8

Eurofins Pharma US Holdings v. BioAlliance Pharma SA,
  623 F.3d 147 (3d Cir. 2010)..................................18

Fischer v. Fed. Express Corp.,
  42 F.4th 366 (3d Cir. 2022).................................14

Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,
  141 S. Ct. 1017, (2021).....................................12

Frasier Industrial Co. v. Logrecco,
  2019 WL 13401926 (D.N.J. July 2, 2019)......................11

Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG,
  933 F.3d 1302 (Fed. Cir. 2019)...............................6

Goldlawr, Inc. v. Heiman,
  369 U.S. 463 (1962).........................................21

In re Bang Energy Drink Mktg. Litig.,
  2020 WL 4458916 (N.D. Cal. Feb. 6, 2020).................16, 17

Int'l Shoe Co. v. Washington,
  326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)............9, 12

J. McIntyre Mach., Ltd. v. Nicastro,
  564 U.S. 873, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011).........10

Lafferty v. St. Riel,
  495 F.3d 72 (3d Cir. 2007)..................................21

Laurel Gardens, LLC v. Mckenna,
  948 F.3d 105 (3d Cir. 2020).................................16

Litton Indus. Sys., Inc. v. Kennedy Van Saun Corp.,
  117 N. J. Super. 52 (1971)..................................10

Mallory v Norfolk S. Ry. Co.,
  600 U.S. 122 (2023).........................................11

Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n,
  107 F.3d 1026 (3d Cir. 1997)............................18, 19

McTyre v Broward Gen. Med. Ctr.,
  749 F. Supp. 102............................................20

*Metcalfe v. Renaissance Marine, Inc.*,
  566 F.3d 324 (3d Cir. 2009)...............................17, 19

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004)....................................9

*Nuance Commc'ns, Inc. v Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010)...............................15

*O'Connor v. Sandy Lane Hotel Co.*,
  496 F.3d 312 (3d Cir. 2007)...................................9

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340................................................18

*Otsuka Pharm. Co. v. Mylan Inc.*,
  106 F. Supp. 3d 456 (D.N.J. 2015)...........................10

*Peter W. Emmet V. Tom Del Franco*,
  2016 WL 1261465 (D.N.J. Mar. 31, 2016)......................20

*Prestan Products, LLC v. Innosonian Am. LLC*,
  2024 WL 278985 (D.N.J. Jan. 25, 2024)............13, 14, 15, 18

*Rose v. Ferrari N. Am., Inc.*,
  2023 WL 4914313 (D.N.J. July 31, 2023).......................8

*Rose v. Ferrari N. Am., Inc.*,
  2023 WL 8653924 (D.N.J. Dec. 14, 2023)...................13, 19

*Sadler v. Hallsmith SYSCO Food Servs.*,
  2009 WL 1096309 (D.N.J.2009)................................10

*Schneider v. Gymshark Ltd.*,
  2024 WL 1443547 (D.N.J. April 3, 2024)......................18

*Simon v. First Sav. Bank of Indiana*,
  2023 WL 5985282 (E.D. Pa. Sept. 14, 2023)...................12

*Simplot India LLC v. Himalaya Food Int'l Ltd.*,
  2024 WL 1136791 (D.N.J. Mar. 15, 2024)......................11

*T-Mobile Ne. LLC v. Borough of Leonia Zoning Bd. of Adjustment*,
  942 F. Supp. 2d 474 (D.N.J. 2013)............................6

T-Mobile Ne. LLC v. Twp. of Scotch Plains
 Zoning Bd. of Adjustment,
  2013 WL 869524 (N.J. Super. Ct. App. Div. Mar. 11, 2013)......6

T-Mobile Northeast, LLC v. Township of West Deptford,
  2014 WL 4098140 (N.J. App. Div. Aug. 21, 2014)................6

T-Mobile USA, Inc. v Cellimports LLC,
  2011 WL 111879 (D.N.J. Jan. 11, 2011)........................7

Toys "R" Us, Inc. v. Step Two, S.A.,
  318 F.3d 446 (3d Cir. 2003)..................................19

Travers v. FedEx Corp.,
  584 F. Supp. 3d 1 (E.D. Pa. 2022)........................14, 16

United States v. Berkowitz,
  328 F.2d 358 (3d Cir.).......................................21

Walden v. Fiore,
  571 U.S. 277 (2014)..........................................12

**Statutes**

28 U.S.C. § 1406.............................................21

28 U.S.C. § 1631.............................................21

28 U.S.C. §§ 1404(a) or 1406(a).............................20

**Rules**

Fed. R. Civ. P. 4(k)(1)(A)...................................8

Federal Rule of Civil Procedure 12(b)(2)....................7

N.J. Court Rule 4:4-4........................................8

## PRELIMINARY STATEMENT

T-Mobile, USA, Inc., ("T-Mobile"), made a promise to its customers on January 5, 2017, during a press event at the annual trade show that they were providing a price guarantee on unlimited 4GLTE plans, stating:

> **Now, T-Mobile ONE customers keep their price until THEY decide to change it. T-Mobile will never change the price you pay for your T-Mobile ONE plan. When you sign up for T-Mobile ONE, only YOU have the power to change the price you pay.**

This information was widely disseminated online, on television and in print media. This price lock guarantee was made applicable to several plans, specifically, the T-Mobile ONE Plan, Simple-Choice plan, Magenta®, Magenta® Max, Magenta® 55+, Magenta® Amplified and Magenta® Military Plans. Despite making this promise, which was received and relied upon by the four named Plaintiffs and millions of other customers, in May 2024, T-Mobile switched customers to more expensive plans without their consent.

On July 12,2024 Plaintiffs filed a class action complaint ("CAC") on behalf of T-Mobile customers impacted by this bait-and-switch tactic by T-Mobile. Many of the customers who switched to these Plans are senior citizens or retired military who are now paying more in violation of the promises made by Defendant.

Plaintiffs have asserted claims under the consumer protection statutes of New Jersey, Georgia, Pennsylvania, and Nevada, as well

as common law fraud, negligent misrepresentation, and false advertising.

Now T-Mobile is trying to evade responsibility for its actions by asserting that the Court lacks personal jurisdiction over all but the New Jersey Plaintiff's claims and that the Court should require all Plaintiffs to individually arbitrate their claims based upon a mandatory arbitration/class action waiver[1] that plaintiffs were unaware of or opted out of. Respectfully, T-Mobile's arguments lack merit.

## STATEMENT OF FACTS

### A. T-MOBILE'S CONDUCT

At the time when T-Mobile publicly made its price-lock guarantee the company was providing wireless services to 71.5 million customers through T-Mobile and Metro PCS brands. (CAC 7) However, in 2020 T-Mobile and Sprint completed their merger making T-Mobile the country's second largest of the three remaining nationwide cell phone networks. To obtain regulatory approval T-Mobile pledged not to raise rates for three years. (CAC 8) More than 3 years have elapsed and the wireless network landscape has contracted, leaving customers with even less choices. Consequently, T-Mobile has reneged on its promises to customers

---

[1] As this Court noted in its Order dated September 12, 2024 (D.E.14) the jurisdictional issue must be resolved before the arbitrability issue can be resolved. Hence, as this court directed, this brief does not address the arbitration issue.

and raised rates for all the plans that were promised to be price-guaranteed for life. (CAC 9)

**B. EXPERIENCES OF THE CLASS REPRESENTATIVE PLAINTIFFS**

Plaintiff Chris Oddo, a citizen of New Jersey, was a T-Mobile customer since 2010, but in 2017 he was impressed with the January 5, 2017 press release which indicated that T-Mobile will never change the price you pay for your T-Mobile ONE Plan so he signed up for the 2 Lines ONE Plan with "All In". See **https://www.t-mobile.com/news/press/un-carrier-next**). He entered into this transaction from his home in New Jersey. Although T-Mobile indicated that they could change, suspend or terminate services, the company specifically excluded "Rate Plans with the price-lock guarantee (including the "Un-Contract Promise")" from the right to change, suspend, or terminate services. (CAC 14) Despite these promises Oddo, while in New Jersey, received a text message from T-Mobile on May 22, 2024 raising his rates by $5 per line per month. He had three lines. This violated the price lock guarantee. (Pars. 15-17) Oddo complained to the FCC and T-Mobile responded contending it was making a small adjustment to pricing of some plans and that customers could request to have their final months' qualifying service charge reimbursed if they decided to cancel their plan. They also claimed that the Price Lock was only applicable to qualifying plans activated between April 18, 2022 and January 17, 2024, totally ignoring the promises they made back

in January 2017. Thus, T-Mobile has breached its agreement with Oddo by virtue of its false representations and bait and switch tactics. (CAC 18-21)

Harry Hyaduck, a citizen of Georgia, who had been a Sprint customer since May 14, 2000 switched to a T-Mobile Magenta®1.0 Military Plan after seeing a television commercial advertising that he was eligible for a Plan that would never increase in price and could only be cancelled at his option. He paid $100 per month for four lines until July 5, 2024 when his plan increased to $120.He was told when he called customer service that he understood the plan correctly but they were increasing their price anyway. T-Mobile's false representations have caused monetary injury to Hyaduck. (CAC 22- 26)

Larry Kahhan a citizen of Nevada, who was already a T-Mobile customer, switched to the ONE Plan Unlimited 55+ in August 2017 after seeing the video announcement by CEO John Legere. He paid $60 a month through June 14, 2024. However, in May 2024 he received a text message advising him of a price increase to $70 a month. Kahhan has complained to numerous state and federal authorities to no avail. Kahhan has suffered monetary injury as a consequence of T-Mobile's breach. (CAC 27-33)

Gerald Dwyer, a Citizen of Pennsylvania, switched from AT&T to T-Mobile in person at a kiosk in Costco in 2017 after hearing that the 55+ rate plan would cost $60 for two lines and the price

would never change. After having this Plan for 7 years he was notified of a rate increase via text message. He is now being charged an additional $10 a month, contrary to the promised terms. (CAC 34-37)

T-Mobile has engaged in deceptive, unconscionable, fraudulent and misleading practices in advertising, promoting, marketing and selling its T-Mobile ONE Plan, Simple-Choice plan, Magenta®, Magenta® Max, Magenta® 55 + , Magenta® Amplified and, Magenta® Military. In failing to disclose the falsity of the lifetime promise to maintain rates, T-Mobile intentionally concealed its plan to raise rates, and has concealed, failed to disclose and/or omitted material facts from Plaintiffs and other members of the Nationwide Class and State Subclasses.

### C. <u>T-MOBILE'S CONDUCT IN NEW JERSEY</u>

As set forth in the Class Action Complaint and to be further developed, if the Court permits jurisdictional discovery, T-Mobile is registered to do business in the State of New Jersey and can be served with process through its registered agent, Corporation Service Company located at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing New Jersey 08628.

Additionally, T-Mobile conducts substantial business in New Jersey and T-Mobile has purposefully availed itself of the benefits and protections of the District of New Jersey by continuously and systematically conducting substantial business in this judicial

district and has agents and representatives that can be found in this State. More specifically, T-Mobile has caused injury to Plaintiffs and class members in New Jersey, has more than 100 stores and other sales facilities in New Jersey, directs advertising to New Jersey, and has systematic and continuous contacts with New Jersey. (CAC 11-13) T-Mobile admits that it provides wireless services to customers throughout the United States. (Sanchez Dec. Par.3)

Additionally, T-Mobile, and its subsidiaries, have availed themselves of the protection of New Jersey law by instituting litigation in this State as a Plaintiff[2]. For example, see T-Mobile Northeast, LLC v. Township of West Deptford, 2014 WL 4098140 (N.J. App. Div. Aug. 21, 2014) (litigation by the wireless company against a New Jersey Township over building and installing a free-standing monopole on Township land to eliminate a coverage gap); T-Mobile Ne. LLC v. Twp. of Scotch Plains Zoning Bd. of Adjustment, 2013 WL 869524, at *1 (N.J. Super. Ct. App. Div. Mar. 11, 2013)(court reverses denial of site plan to permit T-Mobile to install monopole); T-Mobile Ne. LLC v. Borough of Leonia Zoning Bd. of Adjustment, 942 F. Supp. 2d 474 (D.N.J. 2013)(Judge Wigenton grants summary judgment in favor of T-Mobile against borough's

---

[2] In assessing a motion to dismiss for lack of personal jurisdiction, evidence outside of the pleadings is routinely considered. See, e.g., Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG, 933 F.3d 1302, 1309 (Fed. Cir. 2019).

zoning board of adjustment regarding the Board's denial of T-Mobile's application for a use variance, and for approval to locate antennas and equipment at an apartment building as a violation of the Telecommunications Act); T-Mobile USA, Inc. v Cellimports LLC, 2011 WL 111879 (D.N.J. Jan. 11, 2011)(Judge Wolfson awards permanent injunction against Defendants for theft scheme involving T-Mobile handsets based upon a finding of trademark infringement and false advertising).

Thus, T-Mobile has regularly availed itself of the protection of the laws of New Jersey and has not only numerous stores in this state but also cell towers and other equipment located throughout the state which it owns and maintains. Additionally, all of Class Representative Plaintiff Oddo's interactions with T-Mobile took place in New Jersey. He heard and relied upon T-Mobile's false lifetime promises in New Jersey. Thus, as to Oddo it cannot be contested that the Court has specific jurisdiction over T-Mobile with respect to his claims.

**LEGAL ARGUMENT**

I.   **T-MOBILE IS SUBJECT TO PERSONAL JURISDICTION IN THE DISTRICT OF NEW JERSEY**

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for the dismissal of claims against it due to a lack of personal jurisdiction. Once a defendant challenges a court's authority to exercise personal jurisdiction over it, the plaintiff

bears the burden of establishing that personal jurisdiction exists. D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009). That burden, however, is relatively light: absent an evidentiary hearing, the plaintiff need only plead a prima facie case of personal jurisdiction to survive a motion to dismiss. Carteret Savings Bank, FA v. Shushan, 954 F.2d. 141, 142 n.1 (3d Cir. 1992). If the plaintiff makes out a prima facie case of personal jurisdiction, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Carteret Sav. Bank, 954 F.2d at 150 (internal quotation marks and citation omitted).

A federal court may exercise personal jurisdiction over nonresident defendants to the extent authorized by the law of the state in which it sits. A federal court can exercise personal jurisdiction to the same extent as the state courts of the state where the federal court sits. See Fed. R. Civ. P. 4(k)(1)(A); Daimler AG v. Bauman, 571 U.S. 117, 125, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).

As stated in Rose v. Ferrari N. Am., Inc., 2023 WL 4914313, at *1 (D.N.J. July 31, 2023), jurisdiction over a defendant not in New Jersey, like the Defendant here, reaches as far as the United States Constitution allows. See N.J. Court Rule 4:4-4; Charles Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460, 469, 508 A.2d

8

1127 (1986); see also Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004). Thus, in New Jersey, the long-arm statute provides for jurisdiction co-extensive with the limits of due process under the Fourteenth Amendment. Id. at 144-45. Due process requires that the defendant have sufficient minimum contacts with New Jersey such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

## II.    THE COURT MAY HAVE GENERAL JURISDICTION OVER T-MOBILE

The Supreme Court of the United States held that, "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradig[m]. . . bases for general jurisdiction." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (citations and internal quotations omitted). "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." Id. In exceptional cases, general jurisdiction may exist beyond a corporation's state of incorporation and principal place of business "where its contacts with another forum are so substantial as to render it 'at home' in that state." Chernus v. Logitech, Inc., 2018 WL 1981481, at *4 (D.N.J. Apr. 27, 2018).

In this case, although T-Mobile is not incorporated in New Jersey and New Jersey is not its principal place of business, we submit that it is possible to find that the Court has general jurisdiction over T-Mobile by virtue of the Company's significant contacts and business activities in New Jersey coupled with T-Mobile's registration to do business in New Jersey and registered agent for service of process, which supports the finding of jurisdiction by consent. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.' ") (internal citation omitted). A party that consents to jurisdiction submits itself to the general jurisdiction of the court. J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 131 S.Ct. 2780, 2787, 180 L.Ed.2d 765 (2011) See also Otsuka Pharm. Co. v. Mylan Inc., 106 F. Supp. 3d 456, 461 (D.N.J. 2015); Litton Indus. Sys., Inc. v. Kennedy Van Saun Corp., 117 N. J. Super. 52 (1971); Sadler v. Hallsmith SYSCO Food Servs., 2009 WL 1096309 (D.N.J.2009). But see Display Works, LLC v. Bartley, 182 F. Supp. 3d 166, 175-77 (D.N.J. 2016) where the Court found that the New Jersey registration statute does not expressly discuss consent or general jurisdiction and that this theory could not be reconciled with Daimler AG v. Bauman, 571 U.S. 117 (2014).

10

See also <u>Frasier Industrial Co. v. Logrecco</u>, 2019 WL 13401926 (D.N.J. July 2, 2019)(acknowledging contrary authority allowing jurisdiction by consent, but finding until New Jersey state court provides unambiguous ruling regarding impact of registration to do business or designation of in state agent for service of process court would not find it constituted consent to general jurisdiction).

However, in <u>Mallory v Norfolk S. Ry. Co</u>., 600 U.S. 122,138 (2023), the plurality opinion made clear that a corporation's registration to do business in a state may evidence its consent to personal jurisdiction over corporate defendants. Thus, eliminating the perceived inconsistency with <u>Daimler</u> for a finding of general jurisdiction based on registration. See also discussion in <u>Simplot India LLC v. Himalaya Food Int'l Ltd</u>., 2024 WL 1136791, at *9 (D.N.J. Mar. 15, 2024).

Here, we submit that there is enough evidence to find general jurisdiction over T-Mobile or at least enough to justify jurisdictional discovery regarding this issue.

### III.  **THIS COURT HAS SPECIFIC JURISDICTION OVER T-MOBILE**

The test for specific jurisdiction entails a three-step analysis. First, the court must evaluate whether the defendant established minimum contacts by "deliberately 'reach[ing] out beyond' its home—by, for example, 'exploit[ing] a market' in the forum State or entering a contractual relationship centered

there." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1025, (2021) (*quoting* Walden v. Fiore, 571 U.S. 277, 285 (2014)). Second, the court must determine whether the litigation "arise[s] out of or relate[s] to" at least one of those contacts. Ford Motor, 141 S. Ct. at 1025 (*quoting* Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty., 582 U.S. 255 (2017)). Third, if the first two requirements have been met, the court may consider whether exercising personal jurisdiction over the defendant "offend[s] traditional notions of fair play and substantial justice." Ford Motor, 141 S. Ct. at 1024 (*quoting* International Shoe Co. v. Washington, 326 U.S. 310, 316-17 (1945)). As recently stated in Simon v. First Sav. Bank of Indiana, 2023 WL 5985282, at *4 (E.D. Pa. Sept. 14, 2023), "[i]n determining whether there is specific jurisdiction, the court focuses not on the contacts of the plaintiff or a third party with the forum but on the contacts of the defendant with the forum." See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 130 (3d Cir. 2020) ("The defendant must have benefited enough from the forum state's laws to make the burden of facing litigation there proportional to those benefits.").

Here, T-Mobile has clearly benefited and received the protection of the laws of New Jersey since it has commenced suit against others in both New Jersey State and Federal Courts in cases involving protection its brand and spreading its ability to provide

cell service in this State. Additionally, T-Mobile has a registered to do business in New Jersey and has designated a registered agent in New Jersey to accept service of process.

In this case, all three prongs are satisfied. Firstly, T-Mobile has purposefully availed itself of the privilege of conducting activities in New Jersey as its sells the relevant product in the forum state. Secondly, there's a strong relationship among T-Mobile, the forum and the litigation since T-Mobile has stores in New Jersey and a huge on-line presence where it advertises and sells its wireless plans and equipment to customers, like Plaintiff Oddo, in New Jersey. Thirdly, T-Mobile cannot establish that the state's interest in adjudicating this dispute in this forum is outweighed by the burden of subjecting T-Mobile to litigate this case in Federal Court in New Jersey.

As noted in Prestan Products, LLC v. Innosonian Am. LLC, 2024 WL 278985 (D.N.J. Jan. 25, 2024), "The Defendant, for example, "do[es] not . . . suggest that defending this lawsuit in New Jersey would meaningfully impact the Defendant's operations or finances, or make it difficult for the Defendant to mount a robust defense." See also Rose v. Ferrari N. Am., Inc., 2023 WL 8653924, at *4 (D.N.J. Dec. 14, 2023). The same is true in this case as even T-Mobile concedes that the Court has personal jurisdiction over Plaintiff Oddo. (See Def. MTD at 11n37)  It would certainly be

more costly and inconvenient to require T-Mobile to litigate separately in every State where a named Plaintiff resides.

T-Mobile cites to several opinions where specific jurisdiction was denied but those cases are factually distinguishable. For example, Travers v. FedEx Corp., 584 F. Supp. 3d 1, 5-6 (E.D. Pa. 2022), was specifically concerned with the Uniformed Services Employment and Reemployment Rights Act (USERRA). Beaton v. LG Chem, Ltd., , 2021 WL 3828835, at *1 (D.N.J. Aug. 26, 2021)is inapposite as it was not a class action and no minimum contacts could be shown with the defendant. DiCarlo v. Johnson & Johnson, 2024 WL 532027, at *4 (D.N.J. Feb. 9, 2024). is also inapposite. That case stemmed from an MDL pending in New Jersey, the Plaintiffs did not oppose Defendant's motion to dismiss, or allege any contacts, and all the cases originated in Rhode Island where no connections with New Jersey were even alleged. Finally, in Fischer v. Fed. Express Corp., 42 F.4th 366 (3d Cir. 2022), the Court dealt with an FLSA case that had been settled on an individual basis so that there was no basis to permit the claim to proceed.

Here, Defendant is a corporation. Defendant has purposefully directed activities at residents of New Jersey through, amongst other things, its advertising, stores, product sales, and website. Defendant has over 100 stores in New Jersey. As Your Honor stated in Prestan Prods. LLC, the Federal Circuit has held that specific

jurisdiction exists where a corporation sells the relevant product in the forum state. There is no dispute that Defendant sold the relevant products, the Price Lock Plans in New Jersey.

The second prong is clearly met because Plaintiffs' claims arise out of the sale by Defendant of its Price Lock Plan to customers throughout the country, including New Jersey. T-Mobile has numerous stores and other sales facilities in New Jersey, directs advertising to New Jersey, provides cell phone service in the state, and directs its website to consumers in the state.

As to the third prong, as Your Honor stated in Prestan Prods. LLC, ""whether assertion of personal jurisdiction is reasonable and fair," citing Nuance Commc'ns, Inc. v Abbyy Software House, , 626 F.3d 1222, 1231 (Fed. Cir. 2010). This prong only impacts the exercise of jurisdiction in "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum."" Prestan Prods. LLC, 2024 WL 278985 at *4. The defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. There can be no argument that subjecting Defendant to jurisdiction in New Jersey would be unreasonable or unfair because Defendant is subject to jurisdiction in New Jersey for Plaintiff

Oddo's claims. Subjecting Defendant to jurisdiction for the remaining Plaintiffs' claims would not change this.

**IV.  ALTERNATIVELY, THE COURT SHOULD EXERCISE PENDANT PERSONAL JURISDICTION TO PERMIT ALL PLAINTIFF'S CLAIMS TO BE RESOLVED IN THIS COURT**

When claims arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction a court may exercise their discretion and apply the doctrine of pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction. See In re Bang Energy Drink Mktg. Litig., 2020 WL 4458916, at *6 (N.D. Cal. Feb. 6, 2020); see also Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 123 (3d Cir. 2020) ("This Court recognized the notion of pendent personal jurisdiction more than forty years ago.").But see Travers v. Fed.Ex. Corp., 584 F. Supp. 3d 1 (E.D. Pa. 2022)(declining to apply this doctrine.)

For example, in Bang Energy, the court exercised personal jurisdiction over a plaintiff's breach-of-warranty claims arising out of purchases occurring in New York—even though there was no independent basis for personal jurisdiction over those claims in California— because the breach of warranty claims arose "out of the same nucleus of operative facts as [two other plaintiffs'] California claims because [the New York plaintiff's claim] involve[d] the same products and the same alleged

misrepresentations; the only difference between the claims [was] where the products were purchased." 2020 WL 4458916, at *6. Given that the defendant had not shown any prejudice would be caused, the court's exercise of personal jurisdiction was appropriate. Id. at *6-7.

Here, T-Mobile cannot dispute that the non-New Jersey Plaintiffs' claims arise out of the same "nucleus of operative facts" as that of Oddo's New Jersey claims. Indeed, as in Bang Energy, the only significant factual difference is where the T-Mobile plans were purchased. Moreover, this is a class action—and at least one other judge in New Jersey has noted that pendant personal jurisdiction should be exercised more liberally "in the context of a nationwide class action, where parties will necessarily be residents of different states." See Apostolou v. Mann Bracken, LLC, 2009 WL 1312927, at *7 (D.N.J. May 1, 2009). Defendants can point to no prejudice in defending against overlapping class claims with the New Jersey Plaintiffs; accordingly, pendant personal jurisdiction over the claims of the non-New Jersey Plaintiffs is proper.

V.    **IN THE EVENT THE COURT CANNOT RULE THAT IT HAS PERSONAL JURISDICTION ON THE PRESENT RECORD, THE COURT SHOULD PERMIT JURISDICTIONAL DISCOVERY**

On a motion to dismiss for lack of personal jurisdiction, discovery may be "available to ascertain the facts bearing on [the issue]." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336

(3d Cir. 2009) (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 n. 13 (1978)).

As this Court has said in <u>Prestan Prod. LLC v. Innosonian Am., LLC</u>, 2024 WL 278985, at *3 (D.N.J. Jan. 25, 2024) "[J]urisdictional discovery should be allowed unless the plaintiff's [jurisdictional] claim is "clearly frivolous." <u>Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n</u>, 107 F.3d 1026, 1042 (3d Cir. 1997) (cleaned up). A plaintiff must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts[.]" <u>Eurofins Pharma US Holdings v. BioAlliance Pharma SA</u>, 623 F.3d 147, 157 (3d Cir. 2010) (cleaned up).

Moreover, there is, in some sense at least, a "presumption" of jurisdictional discovery as to defendants that are corporations. (citations omitted)

Jurisdictional discovery should be permitted because Defendant admits that it cannot avoid personal jurisdiction as to Plaintiff Oddo's claims and Plaintiff is entitled to determine what contacts and other facts will establish that New Jersey may exercise jurisdiction over Defendant.

As Your Honor stated in <u>Caduceus,Inc. v. University Physician Group,</u> 2024 WL 303845 (D.N.J. Jan. 26, 2024), <u>Prestan Prods. LLC v. Innosonian Am., LLC</u>, 2024 WL 278985 (D.N.J. Jan. 25, 2024), <u>Schneider v. Gymshark Ltd.</u>, 2024 WL 1443547 (D.N.J. April 3, 2024),

and <u>Rose v. Ferrari N. Am., Inc.</u>, 2023 WL 8653924 (D.N.J. Dec. 14, 2023), on a motion to dismiss for lack of personal jurisdiction, discovery may be "available to ascertain the facts bearing on [the issue]." <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 336 (3d Cir. 2009) (citations omitted). Jurisdictional discovery should be allowed unless Plaintiffs' claims are clearly frivolous. <u>See</u> <u>Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n</u>, 107 F.3d 1026, 1042 (3d Cir. 1997).

A jurisdictional claim is not "clearly frivolous" so long as it "suggest[s] with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state." <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 456 (3d Cir. 2003). To determine if the plaintiff's claims are frivolous the Court looks to the test for specific jurisdiction:

> (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair.

Defendant's September 16, 2024 letter (ECF 16) does not address any of the law underlying Your Honor's decisions. Instead, Defendant makes the blanket statement that "[n]one of these circumstances exist in this lawsuit." However, the above

19

demonstrates that jurisdictional discovery is necessary and appropriate in this matter.

## VI. IN THE EVENT THE COURT CONCLUDES THAT IT CANNOT EXERCISE JURISDICTION OVER T-MOBILE, THE CASE SHOULD BE TRANSFERRED TO THE STATE OF WASHINGTON

In the alternative, if this Court finds that personal jurisdiction is lacking, this Court should Order a transfer to a jurisdiction where the Court would have jurisdiction.

A federal district court may transfer a civil case to a different venue under 28 U.S.C. §§ 1404(a) or 1406(a). The former section provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The latter section provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Because of the similarity between the two sections, courts have often treated the sections the same, or have transferred pursuant to both sections." See Peter W. Emmet V. Tom Del Franco, 2016 WL 1261465, at *6 (D.N.J. Mar. 31, 2016) citing McTyre v Broward Gen. Med. Ctr., 749 F. Supp. 102, 105n.2 (D.N.J. 1990). Further, the Supreme Court has held that a District Court may transfer an improperly venued action in the interests of

20

justice without determining whether the court had personal jurisdiction over the defendants under 28 U.S.C. § 1406. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). The Third Circuit imputed the rationale of Goldlawr from 28 U.S.C. § 1406 to § 1404 in United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir.), cert. denied 379 US. 821(1964). See also Lafferty v. St. Riel, 495 F.3d 72, 78–79 (3d Cir. 2007). Here, the interests of justice would support transferring the action in the event this Court finds personal jurisdiction wanting, particularly since the Court clearly has jurisdiction over at least one Plaintiff, namely Oddo..

Alternatively, pursuant to 28 U.S.C. § 1631, the Court "shall, if it is in the interest of justice, transfer such action ... to any other such court ... in which the action ... could have been brought." As T-Mobile's principal place of business is in the State of Washington, if the Court concludes that personal jurisdiction cannot be established in New Jersey, we submit that the Court should transfer this action to the State of Washington, as T-Mobile's headquarters is in Bellevue, Washington where T-Mobile would be subject to general personal jurisdiction.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's motion to dismiss, or alternatively permit the parties to engage in jurisdictional discovery, or if the Court denies that discovery, transfer this action to the District of Washington.

Respectfully submitted,

Dated:  November 4, 2024          By: *s/ Bruce H. Nagel*
                                  **BRUCE H. NAGEL**
                                  **Randee M. Matloff**
                                  **NAGEL RICE, LLP**
                                  **103 Eisenhower Parkway**
                                  **Roseland, New Jersey 07068**
                                  **973-618-0400**
                                  **bnagel@nagelrice.com**
                                  **rmatloff@nagelrice.com**


                                  **Joseph Santoli, Esq.**
                                  **340 Devon Court**
                                  **Ridgewood, New Jersey 07450**
                                  **201-926-9200**
                                  **josephsantoli002@gmail.com**

22