**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAN and GERALD DWYER, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>*Defendant.* | Civ. Action No. 2:24-cv-07719 (MEF/JRA)<br><br>**Motion Date: December 2, 2024**<br><br>*Document filed electronically*<br><br>*Oral argument requested* |

**REPLY IN SUPPORT OF T-MOBILE USA, INC.'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

## TABLE OF CONTENTS

I.    Introduction.................................................................................................1

II.   Arguments and Citations to Authority ........................................................2

      A.    T-Mobile's registration to conduct business in New Jersey does
            not create general jurisdiction. ...............................................................2

      B.    The Court lacks specific jurisdiction over T-Mobile with respect
            to the Non-Resident Plaintiffs' claims. ..................................................6

            1.    Plaintiffs have not shown any connection between the
                  Non-Resident Plaintiffs' claims and T-Mobile's contacts
                  in New Jersey...............................................................................6

            2.    T-Mobile's prior litigation in New Jersey does not create
                  specific jurisdiction....................................................................9

      C.    The Court cannot exercise pendent party jurisdiction. ........................10

      D.    There is no basis for jurisdictional discovery. ....................................13

      E.    Transfer is unwarranted in this case.....................................................14

III.  Conclusion .................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abira Med. Labs, LLC v. Allegiance Ben. Plan Mgm't*,
No. 23-14167 (GC) (JBD),
2024 WL 4345406 (D.N.J. Sept. 30, 2024).......................................................14

*Apostolou v. Mann Bracken, LLC*,
No. 07-4950 (PGS), 2009 WL 1312927 (D.N.J. 2009).....................................12

*Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc.*,
588 F. Supp. 3d 1328 (N.D. Ga. 2022)...............................................................10

*Boswell v. Cable Servs. Co.*,
No. 16-4498, 2017 WL 2815077 (D.N.J. June 28, 2017) ....................................5

*Bristol-Meyers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017)..................................................................................6, 11, 12

*Burry v. Cach LLC*,
No. 14-2139, 2015 WL 328182 (E.D. Pa. Jan. 22, 2015) ..................................10

*Canaday v. Anthem Cos., Inc.*,
9 F.4th 392 (6th Cir. 2021) ...............................................................................11

*Castillero v. Xtend Healthcare, LLC*,
No. 22-02099 (GC) (DEA),
2023 WL 8253049 (D.N.J. Nov. 28, 2023) ......................................................5, 6

*Chavez v. Dole Food Co.*,
836 F.3d 205 (3d Cir. 2016) ..............................................................................15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)...........................................................................................2, 3

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
948 F.3d 124 (2020)............................................................................................15

*Def. Distributed v. Platkin*,
617 F. Supp. 3d 213 (D.N.J. 2022)....................................................................11

*DiCarlo v. Johnson & Johnson*,
  2024 U.S. Dist. LEXIS 23469 (D.N.J. Feb. 9, 2024) .......................................8, 9

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016) .......................................................................5

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
  623 F.3d 147 (3d Cir. 2010) ...............................................................................14

*Fischer v. Federal Express Corp.*,
  42 F 4th 366 (3rd Cir. 2022) ...........................................................................9, 13

*Gonzalez v. Bam Trading Servs.*,
  No. 2:24-cv-08521, 2024 WL 4589791 (D.N.J. Oct. 28, 2024).........................4

*Gorbaty v. Mitchell Hamline Sch. of L.*,
  No. 18-16691, 2019 WL 3297211 (D.N.J. July 23, 2019) ..................................7

*Haller v. Usman*,
  No. 22-773 (SDW) (MAH),
  2024 WL 124629 (D.N.J. Jan. 10, 2024).............................................................5

*Horowitz v. AT&T Inc.*,
  No. 3:17-cv-4827-BRM-LHG,
  2018 WL 1942525 (D.N.J. Apr. 25, 2018)...................................................5, 7, 8

*In re Bang Energy Drink Mktg. Litig.*,
  No. 18-CV-05758-JST,
  2020 WL 4458916 (N.D. Cal. Feb 6. 2020) ......................................................12

*Kim v. Korean Air Lines Co.*,
  513 F. Supp. 3d 462 (D.N.J. 2021)......................................................................5

*Laurel Gardens, LLC v. McKenna*,
  948 F.3d 105 (3d Cir. 2020) ..............................................................................10

*Lehrer v. Blue Mountain Ski Area & Resort*,
  No. 2:23-CV-02762 (BRM) (CLW),
  2024 WL 1928459 (D.N.J. Apr. 30, 2024).........................................................14

*Lloyd v. Retail Equation, Inc.*,
  No. 21-17057, 2022 WL 18024208 (D.N.J. Dec. 29, 2022) ...............................8

iv

*Mallory v. Norfolk S. Ry. Co.*,
   600 U.S. 122 (2023)..................................................................3, 4

*Metro. Grp. Prop. & Cas. Ins. Co. v. Electrolux Home Prods.*,
   No. 17-cv-11865 (PGS)(DEA),
   2018 WL 2422023 (D.N.J. May 29, 2018)..........................................5

*Otsuka Pharm. Co. v. Mylan Inc.*,
   106 F. Supp. 3d 456 (D.N.J. 2015)..................................................4

*Pace v. Cirrus Design Corp.*,
   93 F.4th 879 (5th Cir. 2024) ........................................................5

*Pereda v. Gen. Motors LLC*,
   No. 21-CV-06338-JST,
   2022 WL 19975388 (N.D. Cal. Dec. 9, 2022)....................................12

*Sadler v. Hallsmith Sysco Food Servs.*,
   No. 08-4423, 2009 WL 1096309 (D.N.J. Apr. 21, 2009) .....................4

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ......................................................11

*Simplot India LLC v. Himalaya Food Int'l Ltd.*,
   No. 23-1612 (RK) (TJB),
   2024 WL 1136791 (D.N.J. Mar. 14, 2024) ......................................4

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) .......................................................13

*Travers v. FedEx Corp.*,
   584 F. Supp. 3d 1 (E.D. Pa. 2022)...............................................9, 11

**STATUTES**

28 U.S.C. § 1404.........................................................................14

28 U.S.C. § 1406(a) ................................................................14, 15

28 U.S.C. § 1631 ....................................................................14, 15

# I.    INTRODUCTION

Defendant T-Mobile USA, Inc.'s ("T-Mobile") opening brief showed that this Court lacks personal jurisdiction over T-Mobile for the claims of Non-Resident Plaintiffs Hyaduck, Dwyer, and Kahhan. ECF 11-1. Plaintiffs' response, ECF 22 (the "Response"), fails to rebut that showing.  The Non-Resident Plaintiffs' claims should therefore be dismissed.

T-Mobile is not subject to general jurisdiction.  Plaintiffs argue the Court has general jurisdiction because T-Mobile conducts substantial business in New Jersey and is registered to do business in the state.  The law is clear, though, that merely conducting significant business within a state does not subject a corporation to general jurisdiction, and courts have repeatedly rejected Plaintiffs' argument that New Jersey's corporate registration statute creates general jurisdiction by consent.

T-Mobile is not subject to specific jurisdiction.  Plaintiffs' Response pays lip service to the well-established standards for specific jurisdiction, but Plaintiffs simply ignore the fundamental requirement that each named plaintiff must show that their claims arise out of the defendant's contacts with the forum.  The lack of any nexus between the Non-Resident Plaintiffs' claims and T-Mobile's New Jersey contacts is fatal to their claim of specific jurisdiction.

The Court cannot exercise pendent party jurisdiction.  Plaintiffs argue that, even absent an independent jurisdictional basis, the Court may still hear the Non-

Resident Plaintiffs' claims under the doctrine of pendent party jurisdiction because they are similar to New Jersey Plaintiff Oddo's claims. But the great weight of authority, including courts in this Circuit, have correctly rejected pendent party jurisdiction as inconsistent with the Supreme Court's personal jurisdiction case law.

There is no basis for jurisdictional discovery. Plaintiffs ask the Court to permit jurisdictional discovery, but Plaintiffs fail to explain how discovery would yield information relevant to personal jurisdiction over T-Mobile. That failure is unsurprising, as the Non-Resident Plaintiffs have not even attempted to allege any connection between their claims and T-Mobile's New Jersey contacts. Plaintiffs' jurisdictional allegations are frivolous, and the Court should deny discovery.

The Court should not transfer the case. Finally, Plaintiffs ask the Court to transfer rather than dismiss the Non-Resident Plaintiffs' claims. But transfer is inappropriate when, as here, Plaintiffs are free to refile in another district if they choose. The Court should dismiss the Non-Resident Plaintiffs' claims.

## II.    ARGUMENTS AND CITATIONS TO AUTHORITY

### A.    T-Mobile's registration to conduct business in New Jersey does not create general jurisdiction.

The paradigm bases for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiffs concede that T-Mobile is not incorporated in New Jersey and that its principal place of business is not in New Jersey. ECF 22 at 10. Plaintiffs

2

nevertheless suggest T-Mobile is subject to general jurisdiction because it conducts significant business in New Jersey, and it is registered to do business and receive process in New Jersey. *Id.* at 9–10. Plaintiffs' arguments fail.

*First*, Plaintiffs cite no authority holding that T-Mobile's alleged contacts with New Jersey, like maintaining retail stores and employees in New Jersey and directing advertising to New Jersey (*id.* at 5–6), are sufficient to establish general jurisdiction. Plaintiffs ignore the cases cited in T-Mobile's opening brief rejecting that very argument. *See* ECF 11-1 at 12–15; *see also Daimler*, 571 U.S. at 138–39 (rejecting argument that alleging "continuous and systematic" forum contacts allows exercise of general jurisdiction; "That formulation, we hold, is unacceptably grasping"). Plaintiffs do not attempt to show that T-Mobile is "at home" in New Jersey; those alleged contacts therefore cannot support general jurisdiction.

*Second*, Plaintiffs' claim that T-Mobile consented to jurisdiction by registering to do business in New Jersey is similarly meritless. According to Plaintiffs, *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023), "made clear that a corporation's registration to do business in a state may evidence its consent to personal jurisdiction." ECF 22 at 11. Not so.

In *Mallory*, the Court considered a Pennsylvania statute that explicitly provided that foreign corporations registered to do business in Pennsylvania were subject to general jurisdiction in Pennsylvania courts. *See* 600 U.S. at 127, 134. In

a divided decision, a plurality upheld the statute and ruled that a state can require corporations to consent to jurisdiction as a condition of conducting business in the state without running afoul of Due Process.  600 U.S. at 134–136.  *Mallory* did **not** hold that simply registering to do business in a state is evidence of consent to general jurisdiction in that state.  *See id.*

Unlike the Pennsylvania statutes in *Mallory*, New Jersey does not require corporations to consent to personal jurisdiction to do business in New Jersey. Multiple judges in this district have—post-*Mallory*—rejected the argument that a corporation consents to general jurisdiction by registering to do business in New Jersey.  *See Simplot India LLC v. Himalaya Food Int'l Ltd.*, No. 23-1612 (RK) (TJB), 2024 WL 1136791, at *10 (D.N.J. Mar. 14, 2024)[1] (Kirsch, J.) ("Unlike the express consent statute at issue in *Mallory*, New Jersey's registration statute does not include such an express consent requirement. This Court, absent a legislative imprimatur, will not fill the void and write one in."); *Gonzalez v. Bam Trading Servs.*, No. 2:24-cv-08521, 2024 WL 4589791, *7 (D.N.J. Oct. 28, 2024)

---

[1] Plaintiffs cite *Simplot* as support for their argument (ECF 22 at 11), but they fail to note that *Simplot* squarely rejected that registering to do business in New Jersey is consent to general jurisdiction. *See* 2024 WL 1136791, at *10 & n.8 (rejecting as unpersuasive prior decisions by this District holding registration in New Jersey constitutes consent).  Plaintiffs' reliance on *Sadler v. Hallsmith Sysco Food Servs.*, No. 08-4423, 2009 WL 1096309 (D.N.J. Apr. 21, 2009), and *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456 (D.N.J. 2015)—which predate *Simplot*—is therefore similarly misplaced.

(Martinotti, J.) ("BAM's corporate registration and designation of an agent in New Jersey . . . do not provide sufficient basis for personal jurisdiction."); *see also Castillero v. Xtend Healthcare, LLC*, No. 22-02099 (GC) (DEA), 2023 WL 8253049, at *6 n.8 (D.N.J. Nov. 28, 2023) (Castner, J.) ("[B]oth state and federal courts have held that New Jersey's registered agent statutes, unlike Pennsylvania's, do not explicitly require a corporation to consent to personal jurisdiction in the State.").[2]    Numerous pre-*Mallory* decisions from this district reached the same conclusion.  *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 175–76 (D.N.J. 2016) (holding New Jersey registration statutes "cannot be interpreted to constitute consent" because "[t]hey do not contain express language that registration or the appointment of an agent constitutes submission to the 'general jurisdiction' of New Jersey courts").[3]

For these reasons, the Court lacks general jurisdiction over T-Mobile.

---

[2] The Fifth Circuit has reached a similar conclusion as well.  *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 899 (5th Cir. 2024) (finding no general jurisdiction because "Mississippi law does not follow the consent-by-registration doctrine").

[3] *Accord Haller v. Usman*, No. 22-773 (SDW) (MAH), 2024 WL 124629, at *5 (D.N.J. Jan. 10, 2024) (Hammer, Mag. J.); *Castillero*, 2023 WL 8253049, at *8 (Castner, J.); *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 469 (D.N.J. 2021) (McNulty, J.); *Metro. Grp. Prop. & Cas. Ins. Co. v. Electrolux Home Prods.*, No. 17-cv-11865 (PGS)(DEA), 2018 WL 2422023, at *2 (D.N.J. May 29, 2018) (Sheridan, J.); *Boswell v. Cable Servs. Co.*, No. 16-4498, 2017 WL 2815077, at *6 (D.N.J. June 28, 2017) (Vazquez, J.); *Horowitz v. AT&T Inc.*, No. 3:17-cv-4827-BRM-LHG, 2018 WL 1942525, at *12 (D.N.J. Apr. 25, 2018) (Martinotti, J.).

**B.    The Court lacks specific jurisdiction over T-Mobile with respect to the Non-Resident Plaintiffs' claims.**

This Court does not have specific jurisdiction over T-Mobile for the Non-Resident Plaintiffs' claims because the Complaint fails to establish any connection between New Jersey and those claims.  Plaintiffs' Response does nothing to remedy that defect.  Plaintiffs point to various T-Mobile contacts with New Jersey, but absent a connection to the Non-Resident Plaintiffs' claims, those general contacts with the state are insufficient to establish personal jurisdiction.

**1.    Plaintiffs have not shown any connection between the Non-Resident Plaintiffs' claims and T-Mobile's contacts in New Jersey.**

Plaintiffs' Response makes no effort to show how this Court has specific jurisdiction over each of the Non-Resident Plaintiffs' claims.  *See, e.g.*, *Castillero*, 2023 WL 8253049, at *3 ("In proposed class actions, courts typically analyze whether there is either general or specific jurisdiction as to the claims of each named plaintiff.") (collecting cases); *see also Bristol-Meyers Squibb Co. v. Superior Court*, 582 U.S. 255, 264–65 (2017) (courts must identify an "adequate link between the State and the nonresidents' claims" and ensure there is "a connection between the forum and the specific claims at issue").  Plaintiffs have failed to meet their burden for the Non-Resident Plaintiffs' claims.

Plaintiffs do not—and cannot—point to any allegation in the Complaint showing a connection between the Non-Resident Plaintiffs and New Jersey, much

less T-Mobile's conduct in New Jersey, or that the Non-Resident Plaintiffs were injured by T-Mobile's activities directed to the state. The Response states that Plaintiff ***Oddo's*** "interactions with T-Mobile took place in New Jersey," but it makes no such allegations as to Non-Resident Plaintiffs. ECF 22 at 7; *Horowitz*, 2018 WL 1942525, at *15. The absence of any such allegations precludes specific jurisdiction.

Plaintiffs argue "there is a strong relationship among T-Mobile, the forum and the litigation since T-Mobile has stores in New Jersey and a huge on-line presence where it advertises and sells its wireless plans and equipment to customers." ECF 22 at 14–15.[4] Again, however, Plaintiffs do not claim that the Non-Resident Plaintiffs purchased their plans in a New Jersey store, viewed online advertisements in New Jersey (or advertisements that were directed to New Jersey), or had any other interaction with T-Mobile in New Jersey. In fact, Plaintiffs concede that the Non-Resident Plaintiffs purchased their plans outside the state. ECF 22 at 17 ("[T]he only significant factual difference [between the Non-Resident Plaintiffs' claims and

---

[4] Plaintiffs' Response includes statements about T-Mobile's New Jersey activities that were not alleged in the Complaint. *See, e.g.*, ECF 22 at 15 (T-Mobile sells "its Price Lock Plan to customers throughout the country, including New Jersey," "provides cell phone service in the state, and directs its website to consumers in the state"). "References in a brief, unsupported by affidavit, are not properly before the Court as 'facts' evidencing contact for jurisdictional purposes." *Gorbaty v. Mitchell Hamline Sch. of L.*, No. 18-16691, 2019 WL 3297211, at *3 (D.N.J. July 23, 2019) (quoting *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 558 (E.D. Pa. 1992)). Thus, the Court should not consider the new allegations. Regardless, these new "facts" are insufficient to establish specific jurisdiction for the reasons herein.

Plaintiff Oddo's claims] is where the T-Mobile plans were purchased."). Because the Complaint lacks any allegation tying their specific claims to New Jersey, Non-Resident Plaintiffs cannot establish the necessary nexus between their claims and T-Mobile's conduct in the forum. *See Lloyd v. Retail Equation, Inc.*, No. 21-17057, 2022 WL 18024208, at \*5 (D.N.J. Dec. 29, 2022) ("While it is undeniable that TRE engaged in certain activities within the forum . . . acts conducted within the state alone do not demonstrate specific jurisdiction; the activity must have given rise to the cause of action."); *Horowitz*, 2018 WL 1942525, at \*16 (finding no specific jurisdiction because, "[w]hile Plaintiffs allege [defendants] have business locations and employees in New Jersey, . . . the facts giving rise to their claims in this circumstance could not have arisen in New Jersey").

Plaintiffs' attempts to distinguish T-Mobile's authority are not persuasive. Plaintiffs contend that *DiCarlo v. Johnson & Johnson*, 2024 U.S. Dist. LEXIS 23469 (D.N.J. Feb. 9, 2024), is inapposite because "all the cases originated in Rhode Island where no connections with New Jersey were even alleged." ECF 22 at 14. Plaintiffs misunderstand *DiCarlo*. There, the Court, as the transferee of the MDL, evaluated the plaintiffs' alleged connections with Rhode Island, not New Jersey. *See DiCarlo*, 2024 U.S. Dist. LEXIS 23469, at \*8. Like Plaintiffs, the *DiCarlo* plaintiffs alleged specific jurisdiction based on the defendant's registration to do business in Rhode Island and its business activities there. *Id.* at \*9. The Court correctly found those

8

allegations insufficient because the plaintiffs, like the Non-Resident Plaintiffs here, alleged nothing "to suggest they have any affiliation with the state." *Id.*

Additionally, Plaintiffs argue that *Travers v. FedEx Corp.*, 584 F. Supp. 3d 1 (E.D. Pa. 2022), is distinguishable because it concerned the Uniformed Services Employment and Reemployment Rights Act (USERRA). ECF 22 at 14. That is a distinction without a difference. The court, applying the same three-part test invoked by Plaintiffs here, found it lacked specific jurisdiction over FedEx when the plaintiff alleged "no connection between FedEx's Pennsylvania conduct and his claims." 584 F. Supp. 3d at 6. Finally, Plaintiffs argue that *Fischer v. Federal Express Corp.*, 42 F 4th 366 (3rd Cir. 2022), involved an FLSA collective action. ECF 22 at 14. However, Plaintiffs ignore *Fischer*'s recognition that each plaintiff must demonstrate personal jurisdiction over the defendant with respect to their claims *even if* personal jurisdiction lies over similar claims. *Fischer*, 42 F 4th at 375. The failure to make this demonstration here dooms the Non-Resident Plaintiffs' jurisdictional claims.

## 2. T-Mobile's prior litigation in New Jersey does not create specific jurisdiction.

Plaintiffs also incorrectly argue that T-Mobile is subject to specific jurisdiction because it has commenced lawsuits in New Jersey courts. ECF 22 at 6–7, 12–13. That argument is without merit. That T-Mobile previously filed a lawsuit in this jurisdiction does not subject it to personal jurisdiction for later, unrelated

suits. *See, e.g., Burry v. Cach LLC*, No. 14-2139, 2015 WL 328182, at *5 (E.D. Pa. Jan. 22, 2015) (no specific jurisdiction because defendant's prior lawsuits were unrelated to the instant case); *see also Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc.*, 588 F. Supp. 3d 1328, 1336 n.5 (N.D. Ga. 2022) (holding that "a party does not waive personal jurisdiction as a defense by filing a prior, *unrelated* lawsuit in a forum").

**C.    The Court cannot exercise pendent party jurisdiction.**

Plaintiffs alternatively argue that the Court can exercise "pendent personal jurisdiction" over the Non-Resident Plaintiffs' claims because they "arise out of the same 'nucleus of operative facts'" as Plaintiff Oddo's claims.  ECF 22 at 16–17. What Plaintiffs describe as "pendent personal jurisdiction" comes in two distinct forms: (1) pendent *claim* jurisdiction (aka supplemental jurisdiction)[5] and (2) pendent *party* jurisdiction.  Plaintiffs ask the Court to exercise pendent *party* jurisdiction, whereby courts extend the exercise of personal jurisdiction over the claims of one plaintiff (here, Oddo) to similar claims brought by other plaintiffs (here, Non-Resident Plaintiffs) that lack an independently sufficient connection to the forum.  The Court should decline Plaintiffs' invitation to apply this doctrine.

---

[5] Pendent claim jurisdiction—which is not implicated here—allows a court to hear a plaintiff's related state law claims when that same plaintiff brings federal claims providing for nationwide service of process.  *See, e.g., Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 123–24 (3d Cir. 2020).

Courts in this Circuit and across the country have held that the exercise of pendent party jurisdiction would violate the due process concerns underlying *Bristol-Meyers Squibb* and side-step the courts' obligation to evaluate personal jurisdiction for *every* named Plaintiff. For example, in *Travers*, the Eastern District of Pennsylvania declined to exercise pendent party jurisdiction over the claims of a non-resident plaintiff who failed to allege any relationship between his claims and the defendant's forum contacts. 584 F. Supp. 3d at 8–9. The court explained that pendent party jurisdiction would obviate the constitutional requirement that there be an affiliation between each plaintiff's claims and the forum and "neither Congress nor a court in our Circuit has recognized this theory." *Id.* at 9; *see Def. Distributed v. Platkin*, 617 F. Supp. 3d 213, 230 (D.N.J. 2022) (exercising pendent party jurisdiction over non-resident plaintiffs' claims would be improper because "their claims do not arise out of, or relate to, the [defendant's] contacts with" the state).

Several Circuit Courts have also refused to apply the doctrine for the same reasons. *See, e.g.*, *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 401 (6th Cir. 2021) (pendent party jurisdiction is a "judge made" doctrine supported by "no federal statute or rule" and is "hard to reconcile with *Bristol-Myers Squibb*" (quoting 4A Charles A. Wright et al., Federal Practice and Procedure § 1069.7 (4th ed. 2021))); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006) (stressing that using "specific jurisdiction over one claim to justify the exercise of specific

jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contacts would violate the Due Process Clause").

Plaintiffs rely on a Northern District of California decision, *In re Bang Energy Drink Mktg. Litig.*, No. 18-CV-05758-JST, 2020 WL 4458916 (N.D. Cal. Feb 6. 2020) (Tigar, J.). ECF 22 at 16–17. But Plaintiffs fail to acknowledge that *Bang Energy* is no longer good law. In 2022, the same district judge who authored *Bang Energy* expressly disavowed that decision and joined "nearly every court considering the issue" in holding that "pendent party jurisdiction cannot be exercised by a federal court sitting in diversity." *See Pereda v. Gen. Motors LLC*, No. 21-CV-06338-JST, 2022 WL 19975388, at *5 n.4 (N.D. Cal. Dec. 9, 2022) (Tigar, J.).

Plaintiffs' reliance on *Apostolou v. Mann Bracken, LLC*, No. 07-4950 (PGS), 2009 WL 1312927 (D.N.J. 2009), is similarly misplaced. First, the court's decision in *Apostolou* did not address the doctrine of pendent personal jurisdiction; the court's analysis was limited to considering permissive joinder of parties under Federal Rule of Civil Procedure 20(a) for claims under a federal statute. *Id.* at *3. Notably, the *Apostolou* court declined to exercise jurisdiction over the non-resident plaintiffs' state law claims. *Id.* at *4. Second, insofar as Plaintiffs suggest that the *Apostolou* court endorsed relaxing the personal jurisdiction requirements for class action cases, any such holding would no longer be good law after the Supreme Court's decision in *Bristol-Meyers Squibb*. *See Bristol-Myers Squibb*, 582 U.S. at 265 ("The mere

12

fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.") (emphasis in original); *Fischer*, 42 F.4th at 372 ("[E]ven if a state court might have personal jurisdiction over similar claims, other potential plaintiffs must still demonstrate personal jurisdiction over the defendant with respect to their own claims.").

The Court should decline Plaintiffs' alternative request to exercise pendent party jurisdiction because it is unconstitutional and is not supported by the authority cited by Plaintiffs.

**D.    There is no basis for jurisdictional discovery.**

Plaintiffs are not entitled to jurisdictional discovery because their jurisdictional claims are "clearly frivolous," and their allegations do not "suggest with reasonable particularity the possible existence of the requisite contacts between [T-Mobile] and the forum state." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (cleaned up).  The Complaint's jurisdictional allegations fall far short of establishing "the possible existence of the requisite contacts between" T-Mobile and the forum with respect to Non-Resident Plaintiffs' claims.  *Id.*

In their Response, Plaintiffs do not explain what discovery they believe they need or how that discovery will aid their jurisdictional claims.  Plaintiffs want

13

jurisdictional discovery "*to determine* what contacts and other facts will establish that New Jersey may exercise jurisdiction over Defendant." ECF 22 at 18 (emphasis added). Plaintiffs' request is not a valid basis for jurisdictional discovery and amounts to an impermissible fishing expedition. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *see also Abira Med. Labs, LLC v. Allegiance Ben. Plan Mgm't*, No. 23-14167 (GC) (JBD), 2024 WL 4345406, at *5 n.8 (D.N.J. Sept. 30, 2024) ("The Court is unconvinced that jurisdictional discovery would uncover evidence that would alter the conclusion, and the Court sees no reason to grant discovery when Plaintiff has not offered a sense of what relevant jurisdictional facts discovery might uncover."). Because the Non-Resident Plaintiffs' jurisdictional claims are clearly frivolous and because they have failed explain why they need jurisdictional discovery to meet their burden, the Court should reject discovery here.

## E.    Transfer is unwarranted in this case.

Finally, Plaintiffs argue that, if the Court finds it lacks personal jurisdiction over T-Mobile, the Court should transfer their claims to the State of Washington under one of three statutes: (1) 28 U.S.C. § 1404, (2) 28 U.S.C. § 1406(a), or (3) 28 U.S.C. § 1631. ECF 22 at 20–21. This request fails for several reasons.

*First*, transfer under Section 1404 is improper if the Court lacks personal jurisdiction over T-Mobile for the Non-Resident Plaintiffs' claims. *Lehrer v. Blue*

*Mountain Ski Area & Resort*, No. 2:23-CV-02762 (BRM) (CLW), 2024 WL 1928459, at *5 n.5 (D.N.J. Apr. 30, 2024).

*Second*, transfer is not warranted under either Section 1406(a) or 1631 because the limitations periods have not expired, and there is nothing preventing the Non-Resident Plaintiffs from refiling their claims in the proper forum. For Sections 1406 and 1631, "the statutory directive is the same—namely, a district 'shall, if it is in the interest of justice, transfer [the case] to any other such court in which the action or appeal could have been brought at the time it was filed.'" *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016). As Third Circuit has held, "[i]f a plaintiff may, on its own, refile its case in a proper forum, 'the interests of justice' do not demand transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 133 (2020). Here, as in *Morgan Verkamp*, the statute of limitations does not bar the Non-Resident Plaintiffs from refiling their claims in an appropriate forum. *Id.*

### III.   CONCLUSION

As set forth in the Motion, the Non-Resident Plaintiffs' claims should be dismissed because the Court lacks personal jurisdiction over T-Mobile with respect to their claims.

**DATED: November 21, 2024.**

/s/ Reade W. Seligmann
Reade W. Seligmann
reade.seligmann@alston.com
**Alston & Bird LLP**
90 Park Avenue, 12th Floor
New York, NY 10016-1387
Tel: (212) 210-9453

Kristine McAlister Brown
(*admitted Pro Hac Vice*)
kristy.brown@alston.com
David Carpenter
(*admitted Pro Hac Vice*)
david.carpenter@alston.com
**Alston & Bird LLP**
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309
Tel: 404-881-7584

*Counsel for Defendant*
*T-Mobile USA, Inc.*