UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER ODDO, HARRY HYADUCK, SR., LARRY KAHHAAN and GERALD DWYER**, on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**T-MOBILE USA, INC.**<br><br>Defendant. | Civil Action No.: 2:24-cv-07719 (MEF/JRA)<br><br>*Civil Action* |

*JOINT PROPOSED DISCOVERY PLAN*

1.   Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

<u>Attorneys for Plaintiffs</u>

Greg M. Kohn
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

<u>Attorneys for Defendant</u>

Reade Seligmann
David B. Carpenter
ALSTON & BIRD
1201 West Peachtree Street
Atlanta, GA 30309

2.   Set forth a brief description of the case, including the causes of action and defenses asserted.

   **As to Plaintiffs:** Plaintiffs bring this action on behalf of themselves and the proposed class of consumers who purchased T-Mobile plans with the price guarantee on unlimited 4GLTE plans. This price lock guarantee was made applicable to several plans, specifically, the T-Mobile ONE Plan, Simple-Choice plan, Magenta®, Magenta® Max, Magenta® 55+, Magenta® Amplified and Magenta® Military Plans. Despite making this promise, which was received and relied upon by the four named Plaintiffs and millions of other customers, in May 2024, T-Mobile switched customers to more expensive plans without their consent. Plaintiffs have asserted claims under the consumer protection statutes of New Jersey, Georgia, Pennsylvania, and Nevada, as well as common law fraud, negligent misrepresentation, and false advertising.

   **As to Defendant:** Plaintiffs, citizens of New Jersey, Pennsylvania, Georgia, and Nevada, filed a

class action lawsuit against T-Mobile, a Delaware corporation with its principal place of business in Washington, in New Jersey federal court. Plaintiffs allege that T-Mobile breached its contracts with them (and a national class of T-Mobile customers) by adjusting the rates of their T-Mobile plans. While the allegations sound in contract, Plaintiffs also attempt to assert claims that T-Mobile violated various consumer protections statutes across the country. As set forth in T-Mobile's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Compel Arbitration ("T-Mobile's Motion"), ECF 14, this Court lacks personal jurisdiction over T-Mobile with respect to the claims brought by Plaintiffs Hyaduck, Kahhan, and Dwyer ("Non-Resident Plaintiffs") because the Complaint fails to allege any connection between the Non-Resident Plaintiffs' claims and New Jersey or T-Mobile's conduct in New Jersey. Additionally, Plaintiffs' claims are not properly before this court because each Plaintiff agreed to arbitrate their claims by agreeing to T-Mobile's terms and conditions, containing a binding arbitration clause and jury trial waiver. Plaintiffs agreed to arbitrate by using and paying for T-Mobile's services after receiving notice of T-Mobile's terms and conditions (and the arbitration agreement contained therein), as well as by signing contracting containing binding arbitration agreements. T-Mobile also denies that Plaintiffs have stated any claim upon which relief could be granted or that Plaintiffs are able to certify any class in this matter.

3. Have settlement discussions taken place? Yes_____ No  X .

   (a) What was plaintiff's last demand?

   (1) Monetary demand: $ _____
   (2) Non−monetary demand: _____

   (b) What was defendant's last offer?

   (1) Monetary offer: $ _____
   (2) Non−monetary offer: _____

4. The parties have not met pursuant to Fed. R. Civ. P. 26(f).

   **As to Plaintiffs:** The parties should meet pursuant to Fed. R. Civ. P. 26(f) by January 31, 2025.

   **As to Defendant:** T-Mobile submits that the Initial Scheduling Conference, which is currently set for January 6, 2025, and Joint Discovery Plan deadlines should be adjourned until T-Mobile's Motion has been resolved, and it has made that request to the Court. ECF 30 (Letter to Hon. Jose R. Almonte dated December 12, 2024) (the "Letter"). If these dates are adjourned, the parties should meet and confer pursuant to Fed. R. Civ. P. 26(f) within fourteen days of the new date for the Initial Conference, should the Court choose to set one.

5. The parties [have not  X ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **As to Plaintiffs:** The parties propose exchanging Initial Disclosures by February 6, 2025.

   **As to Defendant:** The parties have not yet exchanged the information required by Fed. R. Civ. P. 26(a)(1); T-Mobile believes that such an exchange is not yet appropriate for the reasons identified above. If the Initial Conference and Joint Discovery Plan deadlines are

adjourned, as requested in the Letter, the parties should exchange Initial Disclosures within fourteen days of the new date for the Initial Conference, should the Court choose to set one.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)

There are no problems with completing the disclosures.

7. The parties [have not  X ] filed disclosures of third party litigation funding because there is no third party litigation funding.

8. The parties [have not  X] conducted discovery other than the above disclosures. If so, describe.

9. Proposed Joint Discovery Plan:

   (a) Discovery is needed on the following subjects:

   **As to Plaintiffs:** Discovery related to the T-Mobile plans with the price guarantee on unlimited 4GLTE plans. This includes discovery related to the price lock guarantee that was made applicable to several plans, including but not limited to the T-Mobile ONE Plan, Simple-Choice plan, Magenta®, Magenta® Max, Magenta® 55+, Magenta® Amplified and Magenta® Military Plans. The following categories of documents are appropriate for discovery and include but are not limited to: (i) communications between Defendant and Plaintiffs and the putative class regarding their plans and the change from a price lock plan to a more expensive plan; (ii) documents and communications between Defendant and their employees regarding sales training and incentives; (iii) training manuals and documents provided to employees related to the price guarantee; (iv) training videos; (v) all complaints regarding overcharging; (vi) documents and communications regarding complaint resolution procedures; (vii) documents and communications regarding putting customers into collections for unpaid invoices; (viii) documents and communications regarding complaints related to change in plan from price lock to an increased amounts; (ix) documents and communications regarding the price increase on price lock plans; and (x) communications between Defendant's employees relating to the price lock plans and the change from price lock to an increased price plan.

   **As to Defendant:** Discovery is not presently needed with respect to Non-Resident Plaintiffs' claims (including jurisdictional discovery) because the Court lacks jurisdiction over their claims, as explained in T-Mobile's pending Motion, and because the Non-Resident Plaintiffs' jurisdictional allegations are clearly frivolous. Further, discovery is not needed for any of the Plaintiffs' claims (including arbitration-related discovery) because, as also set forth in T-Mobile's Motion, Plaintiffs unambiguously agreed to arbitrate their disputes with T-Mobile. In the event the Court determines Plaintiffs' claims are properly before it, discovery is needed related to Plaintiffs' experiences with T-Mobile and other cellular services providers. The following categories of documents are appropriate for discovery and include but are not limited to: (i) communications between Plaintiffs and T-Mobile regarding their T-Mobile plans; (ii) communications between Plaintiffs and others about their T-Mobile plans; (iii) documents Plaintiffs received from T-Mobile relating to its plan pricing referenced in the Complaint; and (iv) documents and communications relating to Plaintiffs' plans with other cellular service providers.

(b) Discovery [should not X] be conducted in phases or be limited to particular issues. Explain.

**Plaintiffs:** Plaintiffs do not believe there should be any limitation on discovery or bifurcation of discovery in this action. Plaintiffs request that discovery proceed as prescribed in the Federal Rules of Civil Procedure, except for (i) the limitations set forth below and (ii) the schedule proposed below.

**Defendant:** Discovery is not presently needed with respect to Non-Resident Plaintiffs' claims (including jurisdictional discovery) because the Court lacks jurisdiction over their claims, as explained in T-Mobile's pending Motion, and because the Non-Resident Plaintiffs' jurisdictional allegations are clearly frivolous. Further, discovery is not needed for any of the Plaintiffs' claims (including arbitration-related discovery) because, as set forth in T-Mobile's Motion, Plaintiffs unambiguously agreed to arbitrate their disputes with T-Mobile. In the event the Court determines Plaintiffs' claims are properly before it, discovery does not need to be conducted in phases or limited to particular issues. T-Mobile requests that discovery proceed as prescribed in the Federal Rules of Civil Procedure, except for (i) the limitations set forth below and (ii) the schedule proposed below.

(c) Proposed schedule:

**Plaintiffs**

(1) Fed. R. Civ. P. 26 Disclosures. Date: Exchange February 6, 2025

(2) E−Discovery conference pursuant to L. Civ. R. 26.1(d), Confidentiality Order and Rule 502(d) Order by January 24, 2025

(3) Service of initial written discovery: March 3, 2025

(4) Maximum of 25 Interrogatories by each party to each other party.

(5) Maximum of 15 depositions to be taken by each party, subject to further modification should the need arise.

(6) Motions to amend or to add parties to be filed by 30 days after ruling on pending motion to dismiss

(7) Plaintiffs' expert reports in support of class certification due 60 days after fact discovery is completed.

(8) Defendant's expert reports opposing class certification due on

(9) Class expert depositions to be completed 60 days after Defendant's expert report served.

**Defendants**

Given its request for adjournment in the Letter, T-Mobile's position is that it is premature to enter a Joint Discovery Plan until after the disposition of T-Mobile's Motion. The timeline for discovery, as well as the scope of discovery needed (including the number of interrogatories and depositions) will depend upon which claims, if any, remain before the Court. The Proposed Schedule below reflects T-Mobile's position in the event the Initial Conference and/or Joint Discovery Plan deadlines are *not* adjourned as requested in the Letter.

(1) Fed. R. Civ. P. 26 Disclosures. Date: The parties should exchange Initial Disclosures by thirty (30) days after the Court resolves T-Mobile's Motion.

(2) E−Discovery conference pursuant to L. Civ. R. 26.1(d), Confidentiality Order and Rule 502(d) Order: The parties should confer under L. Civ. R. 26.1(d) and submit the Confidentiality and Rule 502(d) by sixty (60) days after the Court resolves T-Mobile's Motion.

(3) Service of initial written discovery: T-Mobile agrees the parties should serve initial written discovery by eighty (80) days after the Court resolves T-Mobile's Motion.

(4) Maximum of 25 Interrogatories by Plaintiffs and Defendant, respectively, subject to further modification should the need arise.

(5) Maximum of 10 fact depositions to be taken by each party, subject to further modification should the need arise.

(6) Motions to amend or to add parties to be filed by thirty (30) days after the Court resolves T-Mobile's Motion.

(7) Factual discovery to be completed by three hundred and sixty-five (365) days after the Court resolves T-Mobile's Motion.

(8) Plaintiffs' expert reports due 60 days after fact discovery is completed.

(9) Defendant's expert reports due 90 days after Plaintiffs serve their expert reports.

(10) Expert depositions to be completed 90 days after Defendant serve expert reports.

(11) Dispositive motions to be served within 60 days after the completion of expert depositions.

(d) Set forth any special discovery mechanism or procedure requested.

None.

(e) A pretrial conference may take place on <u>As directed by Court</u>.

(f) Trial date: <u>As directed by Court.</u>        (<u>X </u>Jury Trial; ___Non−Jury Trial).

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems

with out−of−state witnesses or documents, etc.)? Yes _X_    No _____.

   If so, please explain. [**Plaintiffs' Position:** depositions should be taken remotely. **Defendant's Position:** Depositions should be allowed to be taken in person.]

11.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

   Yes _X_ No ____.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

   At present the parties have not yet reached agreement on an ESI protocol which will need to be agreed upon prior to production of documents.

12.   Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.

   Yes _X_ No ____.

13.   Do you anticipate any discovery problem(s) not listed above? Describe.

   Yes ____ No _____. **Unknown at present.**

14.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

   **Mediation may be appropriate after exchange of discovery.**

15.   Is this case appropriate for bifurcation? Yes ____ No _X_

16.   An interim status/settlement conference (with clients in attendance), should be held in

   <u>As directed by court</u>.

17.   We [do ____ do not _X_ ] consent to the trial being conducted by a Magistrate Judge.

18.   Identify any other issues to address at the Rule 16 Scheduling Conference.

   **Defendant**: T-Mobile requests the opportunity to address its position set forth in the Letter, including the basis for adjourning the entry of the Joint Discovery Plan until after the resolution of T-Mobile's Motion.

<u>s/ Greg Kohn</u>
Greg M. Kohn
Attorneys for Plaintiffs           Dated: 12/31/2024

*s/ Reade Seligmann*
Reade Seligmann
David B. Carpenter
Attorneys for Defendant                    Dated: 12/31/2024