# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Reade Seligmann**          Direct Dial: **+1 212-210-9453**          Email: **reade.seligmann@alston.com**

March 17, 2025

**VIA ECF**

Honorable Jose R. Almonte, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

    Re:   *Christopher Oddo, et al. v. T-Mobile USA, Inc.*, Civ. Action No. 2:24-cv-07719 (MEF/JRA)

Dear Judge Almonte,

In accordance with the Court's January 27, 2025 order, the parties write jointly to summarize the status of the case and whether the limited discovery as ordered by the Court has been completed.

### A.  Status of Case

Plaintiffs are T-Mobile customers who allege that T-Mobile breached its agreements with them by increasing the monthly recurring charges for their wireless service plans in May 2024. Each Plaintiff asserts a variety of claims against T-Mobile based on those allegations.

On September 6, 2024, T-Mobile filed a Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Compel Arbitration ("T-Mobile's Motion"). ECF 11. On September 12, 2024, Judge Farbiarz denied the motion to compel arbitration without prejudice pending the resolution of the motion to dismiss for lack of personal jurisdiction. ECF 14. On October 30, 2024, Plaintiffs filed a letter requesting that the Court stay Plaintiffs' filing of their opposition to T-Mobile's Motion and allow Plaintiffs to conduct jurisdictional discovery and "discovery on the issue of arbitration." ECF 20. Judge Farbiarz denied Plaintiffs' request for a stay and jurisdictional and arbitration-related discovery on October 31, 2024. ECF 21.

Plaintiffs then filed their Brief in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction on November 4, 2024. ECF 22. T-Mobile filed its Reply in

Alston & Bird LLP                                                                                                                                                                     www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Chicago | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

*Christopher Oddo, et al. v. T-Mobile USA, Inc.*, Case No. 2:24-cv-07719 (MEF/JRA)
March 17, 2025

Support of its Motion on November 21, 2024. ECF 28. At this time, T-Mobile's Motion remains pending. Accordingly, T-Mobile's challenges to jurisdiction (including on arbitration grounds) remain at issue. T-Mobile intends to renew its motion to compel arbitration should this case proceed past the pending motion.

**B.   Status of Discovery**

**Plaintiff's Position**

Plaintiffs received T-Mobile's responses to our First Request for the Production of Documents ("Plaintiffs' RFPs"). Many, if not all, of T-Mobile's responses are deficient. T-Mobile, as set forth below, takes the position that it does not need to respond to Plaintiffs' RFPs because they allegedly exceed the scope of what the Court granted or do not relate to the named Plaintiffs. Neither of these are valid objections. The Court ordered that limited discovery was permitted as to "whether the named Plaintiffs in this matter executed valid opt-outs of Defendant's arbitration agreement." See ECF No. 36. This inquiry starts with whether Plaintiffs received and accepted the Terms and Conditions or the arbitration provision. T-Mobile ignores this and just assumes that Plaintiffs accepted the Terms and Conditions. To determine whether Plaintiffs validly opted out of T-Mobile's arbitration agreement, the first inquiry is: are Plaintiffs bound by the Terms and Conditions? This analysis requires the documents sought by Plaintiffs' RFPs. Further, the discovery requests seek documents relating to how T-Mobile evaluates the opt outs, how the opt out process works, the number of opt outs received, etc. All of these categories of documents go to determining if Plaintiffs validly opted out.

The only document produced by T-Mobile is a self-created spreadsheet containing information T-Mobile alleges shows when Plaintiffs opted out. This limited spreadsheet raised more questions than answers.

Finally, T-Mobile responses to numerous discovery requests by stating "The burden of collecting these documents far outweighs their potential relevance to the allowed scope of discovery." This is not a valid objection. If T-Mobile is asserting proportionality it must state with specifics what the burden is, including the costs and time necessary to respond. Blanket conclusions without any detail are unavailing and should be ignored by the Court.

Based upon our review of T-Mobile's responses to Plaintiffs' RFPs, none of the responses are complete and this Court should order T-Mobile to provide fully responsive answers and documents.

**T-Mobile's Position**

On January 27, 2025, following a conference with the parties, Your Honor allowed the parties to engage in "limited discovery only as to whether the named Plaintiffs in this matter executed valid opt-outs of Defendant's arbitration agreement." ECF 36. On February 11, 2025, Plaintiffs served their First Request for the Production of Documents ("Plaintiffs' RFPs").

2

*Christopher Oddo, et al. v. T-Mobile USA, Inc.*, Case No. 2:24-cv-07719 (MEF/JRA)
March 17, 2025

In accordance with Federal Rule of Civil Procedure 34(b)(2)(A), T-Mobile served its responses and objections to Plaintiffs' RFPs on March 13, 2025 ("T-Mobile's Responses"). As detailed in T-Mobile's Responses, despite this Court's direction that the scope of permitted discovery is "limited" to solely the topic of "whether the named Plaintiffs . . . executed valid opt-outs," Plaintiffs' far exceeded this authorization, serving RFPs that contain forty-five (45) separate requests for production seeking broad categories of documents spanning a twenty-three-year period (2000–2023).

Most of Plaintiffs' RFPs plainly exceed the scope of discovery allowed by this Court because they have no relevance to the simple issue of whether Plaintiffs executed valid opt outs. Rather, Plaintiffs have propounded dozens of requests that appear to target the enforceability of T-Mobile's Terms and Conditions, arbitration provision, and opt out process. Such issues extend well beyond the limited scope of discovery provided by the Court, and, moreover, have been delegated to the arbitrator, as set forth in T-Mobile's Motion. *See* ECF 11-1, pp. 28–30. This attempt to engage in overly broad and impermissible discovery related to T-Mobile's arbitration agreement not only exceeds the scope of permitted discovery here; it is also in direct opposition to the strong federal policy in favor of arbitration reflected in the Federal Arbitration Act ("FAA"). In enacting the FAA, Congress intended for Courts "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). The Third Circuit has recently held that "discovery addressing a motion to compel arbitration is unnecessary when no factual dispute exists as to the existence or scope of the arbitration agreement." *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 320 (3d Cir. 2024). As the Court previously recognized, when there is a valid arbitration agreement in place (as there is here) discovery in this forum is improper.

While a handful of Plaintiffs' RFPs purport to relate to the Plaintiffs, the requested documents likewise have no bearing whatsoever on whether the named Plaintiffs in this matter executed valid opt-outs of T-Mobile's arbitration agreement. With respect to discovery into whether Plaintiffs executed valid opt outs, T-Mobile has already provided all of the information needed to make that determination. In connection with its Motion, T-Mobile included as exhibits Plaintiffs' executed contracts, which contained binding arbitration agreements and incorporated T-Mobile's then-applicable Terms and Conditions. ECF 12 through 12-19. T-Mobile has also provided every version of T-Mobile's Terms and Conditions that has been in effect since Plaintiffs first activated service with T-Mobile. ECF 11-4, ¶¶ 8, 17, 24–40; *see* ECF 11-5 through 11-24. These various contractual documents set forth the requirements Plaintiffs had to satisfy to validly opt out of arbitration, including the process and deadline for opting out of arbitration. For example, the May 2023 T&Cs explicitly provide that an opt out "will not be valid" unless it is received "within 30 days from the earlier of the date you purchased a product or device from us or the date you activated a new line of service." ECF 11-1 at 10; ECF 11-4, ¶ 60. Plaintiffs attached to their RFPs certain Exhibits (the "RFP Exhibits"), which Plaintiffs rely on as reflecting their opt-out requests. Consistent with allegations in the Complaint, the RFP Exhibits establish that Plaintiffs did not attempt to opt out until June 2024 when their counsel belatedly submitted requests on their behalf. *See* Requests, Exs. A–D. This is all

*Christopher Oddo, et al. v. T-Mobile USA, Inc.*, Case No. 2:24-cv-07719 (MEF/JRA)
March 17, 2025

the information needed to demonstrate the untimeliness – and hence invalidity – of Plaintiffs' attempts to opt out. Notwithstanding the fact that Plaintiffs already have this information in their possession, in the interest of cooperation, T-Mobile is producing extracted data that reflects the dates of Plaintiffs' attempted opt out requests (and confirms that the requests made in June 2024 as reflected in the RFP Exhibits were untimely).

Taken together, Plaintiffs' contracts, the Terms and Conditions, and the RFP Exhibits already answer the singular question the Court allowed discovery on – "whether the named Plaintiffs in this matter executed valid opt-outs of Defendant's arbitration agreement." ECF 36. The limited discovery ordered by the Court has therefore been completed.

*     *     *

As always, we thank the Court for its time and attention to this matter, and we are available if Your Honor or Your Honor's staff have any questions or need anything further.

Respectfully submitted,

*/s/ Reade Seligmann*
Reade Seligmann
David B. Carpenter
Attorneys for Defendant
Dated: March 17, 2025


*/s/ Greg Kohn*
Greg M. Kohn
Attorneys for Plaintiffs
Dated: March 17, 2025